## Commonwealth ex rel. Hanson v. Grine

*David B. Hanson*, pro se.

SALMON, *S.J.*, June 17, 1992—These private criminal complaints were denied approval by the attorney general of Pennsylvania and the relator requested review by the court. We were assigned to sit specially after recusal of the Honorable Charles C. Brown Jr., president judge. We previously affirmed the denial by the attorney general by our opinion and order filed April 8, 1992. The relator appealed or now seeks to appeal our order to the Superior Court as appears by notice of appeal he sent us under date of May 4, 1992. We have not been informed of the number assigned in the Superior Court.

We now have before us, with said notice of appeal, an application by relator for leave to proceed in forma pauperis in pursuing his present appeal and to require the clerk of courts and the court stenographer to provide him with certain records without paying therefor. This application is headed "Statement Pursuant to Rule 551 Pa.R.A.P., Forma Pauperis." That Rule 551 provides that when a party has been permitted to proceed in forma pauperis in the trial court, and later desires to appeal

to another court, he need only state that there has been no change in his economic situation since the prior permission to proceed in that manner.

We point out that this relator has never requested or been granted the right to proceed in forma pauperis in these two cases which he has attempted to institute as a private prosecutor. We observe that relator in his notice of appeal and in his instant application has cited the well-known case of *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585 (1956), and its progeny, all of which deal with the right of a defendant charged with crime or convicted and incarcerated, to be provided with counsel in pursuing his legal and constitutional rights through appeal or by petition for post conviction relief. We have no reason to quarrel with the results in those cases. Relator's problem is that those cases have no relevance to his present situation. In our order from which he now appeals, he is not a defendant and is under no risk of imprisonment unless he commits some offense in the process of pursuing his appeal. The rules of criminal procedure and the rules of appellate procedure to which relator refers have been promulgated to implement the rights of a defendant who is imprisoned in the case from which he seeks to appeal or faces a probability of imprisonment therein.

Appointment of counsel in the trial court is governed by Pa.R.Crim.P. 316 and 317. Both of those rules expressly provide for appointment of counsel for indigent *defendants*. Rules of Appellate Procedure 551 et seq. deal with the right to apply to proceed in forma pauperis in the appellate court. However, this applicant is not eligible to seek continuation of forma pauperis status because he has never been admitted to that status in these two cases.

The relator has cited no authority for us to permit a private prosecutor to proceed in forma pauperis. If the Supreme Court of Pennsylvania desires to extend the forma pauperis privilege to would-be private prosecutors, they have the power to do so. In the absence of such extension, we see no reason in law or public policy to extend the same by interpretation. We shall enter an appropriate order.

## ORDER

And now, June 17, 1992, for reasons hereinabove set forth, relator's application to proceed in forma pauperis is denied; and his application for an order mandating the clerk of courts and court stenographer to furnish him with certain records without paying therefor is also denied.